# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAWONA MCCORNELL,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security Administration,<br><br>  Defendant. | Case No. CV 13-4996-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION

On July 17, 2013, plaintiff Tawona McCornell filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of Supplemental Security Income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

Defendant filed an Answer to the Complaint on December 18, 2013, and

plaintiff filed a Memorandum in Support of Plaintiff's Complaint ("P. Mem.") on January 17, 2014.  Defendant then raised with plaintiff the possibility of stipulating to remand the case, but plaintiff declined the proposal.  Thus, on March 21, 2014, defendant filed a Motion for Remand ("D. Mot."), conceding that the ALJ improperly articulated plaintiff's residual functional capacity ("RFC") with regard to her mental functioning and requesting the court remand the action for, inter alia, a reassessment of plaintiff's mental impairment.  D. Mot. at 2-3.  In response, plaintiff filed Reply Brief in Support of Her Complaint and in Opposition to Defendant's Memorandum in Support of Motion to Remand.

        The parties agree that the ALJ failed to properly assess plaintiff's RFC with regard to her mental functioning.  P. Mem. at 3-8; D. Mot. at 2-3.  The issue presented for decision here is what is the proper remedy.  Plaintiff asserts that the court should reverse the ALJ's decision and award benefits.  P. Mem. at 3, 7-8.  Defendant urges the court to remand this matter to the Commissioner.  D. Mot. at 2.

        Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court finds that, as detailed herein, the ALJ failed to properly assess plaintiff's RFC, and that remand is needed to address outstanding issues that this court cannot determine from the record before it.  The court therefore remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff, who was forty-four years old on her disability application date, has a GED.  AR at 33, 39, 104.  On September 28, 2009, plaintiff applied for SSI, alleging that she has been disabled since February 8, 2008 due to paranoia, bipolar disorder, mood swings, and asthma.  AR at 17, 45, 108.  Her claim was denied initially on January 29, 2010 and upon reconsideration on October 12, 2010, after which she filed a request for a hearing.  AR at 45-50, 52-56, 59.

1    On September 27, 2011, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id.* at 29, 33-38, 39, 42. The ALJ also heard testimony from Greg Jones, a vocational expert. *Id.* at 38-42. On October 4, 2011, the ALJ denied plaintiff's request for benefits. *Id.* at 14-25.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since September 28, 2009, her application date. AR at 19.

At step two, the ALJ found that plaintiff suffers from severe medically determinable impairments consisting of: bipolar disorder, degenerative joint disease, and asthma. *Id.*

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ then assessed plaintiff's RFC,[1] and determined that she can perform medium work, with limitations that she can: stand/walk 6 hours in an 8-hour period; sit 6 hours in an 8 hour period; and occasionally climb, balance, stoop, kneel, crouch, and crawl. AR at 20. The ALJ also found plaintiff must avoid concentrated exposure to fumes, odors, chemicals, gases, and dust. *Id.* Finally, the ALJ determined plaintiff has mild to moderate limitations in understanding and remembering tasks, sustained concentration and persistence, socially interacting with the general public, and adapting to workplace changes. *Id.*

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

At step four, the ALJ determined plaintiff has no past relevant work. AR at 23.

At step five, based upon plaintiff's vocational factors and RFC, the ALJ found there are jobs that exist in significant numbers in the national economy that plaintiff can perform, including cleaner, laundry laborer, day worker, and dietary aid. AR at 23-24. The ALJ therefore concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 24.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-5, 12-13. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g) (2010). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed

4

1  simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d
2  at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the
3  evidence can reasonably support either affirming or reversing the ALJ's decision,
4  the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*
5  (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

### A. The ALJ Failed to Properly Assess the Physicians' Opinions

Defendant argues that this case must be remanded because the ALJ improperly evaluated all of the medical evidence. D. Mot. at 4, 7. Plaintiff disagrees, arguing that the court should credit treating physician Dr. Smith's opinion, find her disabled, and award benefits. Having reviewed the record and the ALJ's opinion, the court agrees with defendant that the ALJ failed to properly evaluate the medical evidence.

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *see also* 20 C.F.R. §§ 404.1502, 404.1527, 416.902, 416.927. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *accord Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830; *accord Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir.2008).

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (*citing Lester*, 81 F.3d at 830-31). "Where such an opinion is contradicted, however, it may

be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Id.* (quoting *Lester*, 81 F.3d at 830-31). The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Lester*, 81 F.3d at 831.

The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998). The ALJ "must set forth his own interpretations and explain why they, rather than the [treating or examining] doctors', are correct." *Id.*

The record contains opinions from plaintiff's treating physician, Dr. Sam Smith, as well as consultative psychological examiner Dr. Halimah McGee, consultative psychiatric examiner Dr. Khang Nguyen, and state reviewing physician P.M. Balson.

### 1. Treating Physician Dr. Sam Smith

The ALJ adequately described treating psychiatrist Dr. Smith's observations about plaintiff's mental condition; specifically, that plaintiff "complains of paranoia, depression, anxiety attacks, insomnia, visual and auditory hallucinations, mood swings, and racing thoughts." AR at 22; *see* AR at 266. Additionally, Dr. Smith noted that plaintiff "has a hostile attitude, wants to keep people away from her, and throws objects at friends and strangers, has poor judgment, problems with memory." AR at 22; *see* AR at 267. Although plaintiff was treated with psychotropic drugs, Dr. Smith opined that her prognosis was poor. AR at 22, 269. Dr. Smith reported that plaintiff "stays in bed because of depression" and opined that plaintiff "cannot communicate with others and has no friends and little contact with family, has poor memory and cannot understand or remember oral or written instructions, and would not be able to be on time for work." AR at 22; *see* AR at 268. The ALJ accorded Dr. Smith's opinion significant weight. AR at 22.

### 2. Examining Physician Dr. McGee

Dr. McGee's opinion contrasted significantly with that of Dr. Smith. Dr. McGee found that plaintiff was not putting forth her best effort during the examination. AR at 178. Dr. McGee observed that although "[c]oncentration and attention span were not formally tested . . . [t]he claimant was able to maintain the appropriate levels of attention and concentration throughout the contact period" of Dr. McGee's evaluation. AR at 181. "The claimant was able to follow directions and complete all assigned tasks." *Id.* Dr. McGee found plaintiff's general fund of knowledge, vocabulary, and social judgment to be impaired. *Id.* Although plaintiff's test results evidenced "severe cognitive limitations regarding her ability to work in that her overall intellectual capacities are currently in the mild mentally retarded range[,]" Dr. McGee indicated the test results were invalid and did not indicate plaintiff's true level of cognitive abilities. *Id.* at 182. Dr. McGee observed that plaintiff reported on her history form that she was an average student in school and had attended regular classes. Although plaintiff did not graduate from high school, she obtained a GED. *Id.* at 183. Based on this self-reported information, Dr. McGee opined that: "It is highly unlikely that this claimant would have been able to have attended regular classes if her cognitive functioning were truly at such a low level. It would also have been difficult for the claimant to obtain a GED with such a low level of cognitive ability." *Id.* In conclusion, Dr. McGee did "not feel comfortable making any definitive statements regarding this claimant's cognitive ability to work at this time." *Id.* at 183.

The ALJ provided a somewhat thorough description of Dr. McGee's assessment of plaintiff. *Id.* at 22. But the ALJ neglected to mention that Dr. McGee believed that plaintiff may have been malingering. Even more significantly, the ALJ failed to provide any assessment of McGee's opinion. *Id.* at 22. He neither explicitly accepted nor rejected it, and gave no indication of what weight he accorded it. *Id.*

### 3. Examining Physician Dr. Nguyen

Dr. Khang Nguyen, a psychiatrist, also examined plaintiff. AR at 240-243. Dr. Nguyen's opinion appears to accord with that of Dr. McGee. Dr. Nguyen did not observe any "abnormal, bizarre, or psychotic behavior" on the part of plaintiff. *Id.* at 241. Dr. Nguyen found plaintiff's affect to be "appropriate, not flat, blunted or constricted. Psychomotor activity is within normal range." *Id.* In terms of "reality contact," Dr. Nguyen noted that plaintiff had "no looseness of association. . . . no paranoid ideation, delusions or auditory or visual hallucinations." AR at 242. Dr. Nguyen found that plaintiff did not meet the criteria for any specific psychiatric diagnosis and that she was "able to focus and maintain attention." *Id.* Moreover, according to Dr. Nguyen's assessment, plaintiff could understand, remember, and follow instructions. In sum, Dr. Nguyen concluded that plaintiff could "perform her work-related duties and adapt to commonplace stressors of a work environment, from a psychiatric standpoint." *Id.*

The ALJ gave little weight to Dr. Nguyen's opinion, finding it inconsistent with the record as a whole. AR at 22.

### 4. Examining Physician Dr. Balson

Dr. P.M. Balson, a state agency reviewing physician, opined that plaintiff's cognitive functioning was preserved and she could focus and maintain attention. AR at 255. "She can also understand [and] remember . . . instructions." *Id.*

### 5. The ALJ's Assessment

Multiple errors inhere in the ALJ's assessment of the medical evidence. Here, the only opinion the ALJ said that he relied upon is that of treating physician Dr. Smith. AR at 22. The ALJ was silent as to the weight he accorded Dr. McGee's opinion, and did not even mention Dr. Balson. Drs. McGee's and Balson's opinions, along with Dr. Nguyen's, conflict significantly with Dr. Smith's assessment of plaintiff's cognitive abilities and mental health. As such, the ALJ's rejection of Dr. Nguyen's opinion as inconsistent with the record as a whole – when

in fact Dr. McGee's and Dr. Balson's opinions appear to support and be consistent with the report and opinion of Dr. Nguyen – was not a legitimate reason supported by substantial evidence.

One possible interpretation is that the ALJ implicitly rejected the opinions of Drs. McGee, Nguyen, and Balson, given that he credited Dr. Smith's opinion and included some cognitive limitations in the RFC. Yet all parties agree that the ALJ's RFC determination is inconsistent with Dr. Smith's opinion, which suggests another possibility: that the ALJ credited other physicians' opinions to some extent. But which, if either, of these possible interpretations is correct is pure speculation, as the ALJ did not say. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." (citation omitted)).

"Where, as here, the record contains conflicting medical evidence, the ALJ is charged with determining credibility and resolving the conflict." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003) (citation omitted). The ALJ did not carry out this duty as to all the physicians' opinions here. The ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the opinions of Drs. McGee, Nguyen, and Balson, if indeed he did reject them all. At a minimum, he failed to state whether he relied on Dr. McGee's opinion, and the court cannot tell from the ALJ's decision.

**B.     The ALJ Erred in His RFC Assessment**

The ALJ assessed plaintiff with the following RFC with respect to her mental functioning: "mild to moderate limitations in understanding and remembering tasks, sustained concentration and persistence, socially interacting with the general public, and adapting to workplace changes." AR at 20. Plaintiff argues that the ALJ's RFC assessment of her mental functioning is not supported by substantial evidence. P. Mem. at 4. Defendant agrees (D. Mot. at 4), as does the court.

As noted above, the ALJ afforded Dr. Smith's opinion "significant weight"

when considering plaintiff's mental limitations. AR at 22. But Dr. Smith's opinion suggests more limited abilities than reflected in the RFC. As recounted above, and as the ALJ recognized, Dr. Smith opined, inter alia, that plaintiff "cannot communicate appropriately" with others, "[h]as no friends, very little contact with family," has "[p]oor memory," "cannot remember or understand oral or written instructions," and "would not be on time for work." AR at 268; *see* AR at 22. Dr. Smith thus found plaintiff severely limited in multiple areas, including in her ability to communicate and interact with others, to understand and remember instructions, and to arrive on time for work. Yet the ALJ either did not include these limitations in the RFC, or included them only as mild to moderate limitations.

Because he adopted Dr. Smith's findings, the ALJ should have either included the limitations set forth in his opinion or explained his reasons for rejecting those limitations. "As the only medical opinion credited by the ALJ, the ALJ was required to explain his reasoning for rejecting Dr. [Smith's] limitations." *Schleve v. Colvin*, 2014 WL 2590106, at *8 (E.D. Cal. June 10, 2014) (citation omitted). But the ALJ did not provide any reasons for excluding these limitations. And had the ALJ included the limitations found by Dr. Smith in plaintiff's RFC, the outcome likely would have been different, given that the vocational expert testified plaintiff could not perform the jobs he identified with those limitations. *See* AR at 41-42. Thus, the ALJ erred in his determination of plaintiff's RFC, and such error was not harmless.

## V.

## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v.*

1  *Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172,
2  1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns
3  upon their likely utility).  But where there are outstanding issues that must be
4  resolved before a determination can be made, and it is not clear from the record that
5  the ALJ would be required to find a plaintiff disabled if all the evidence were
6  properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96;
7  *Harman*, 211 F.3d at 1179-80.

8       Here, as set out above, the ALJ erred in failing to properly evaluate the
9  medical opinions, and the court is unable to determine which opinions the court
10 credited.  The ALJ also failed to provide an RFC determination consistent with the
11 assessments he stated he did make.  It was up to the ALJ to resolve the conflicts
12 between the physicians' opinions; this court cannot re-weigh the evidence and
13 choose between competing opinions.  *See Benton*, 331 F.3d at 1040 ("the ALJ is
14 charged with determining credibility and resolving the conflict"); *Winans v. Bowen*,
15 853 F.2d 643, 644 (9th Cir. 1987) (reviewing court "may not reweigh the
16 evidence") (internal quotation marks and citation omitted).  Because the physicians'
17 opinions must be properly assessed and either credited or rejected before a disability
18 determination can be made, this case must be remanded to allow the ALJ to properly
19 assess the medical evidence.

20      On remand, the ALJ shall: (1) reconsider the opinion provided by each of the
21 physicians regarding plaintiff's mental impairments and limitations, and either
22 credit the opinions or provide specific and legitimate reasons supported by
23 substantial evidence for rejecting them; and (2) clarify his RFC determination.  The
24 ALJ shall then proceed through steps four and five to determine what work, if any,
25 plaintiff is capable of performing.

26
27
28

## VI.
## **CONCLUSION**

IT IS THEREFORE ORDERED that: (1) defendant's Motion to Remand is GRANTED; and (2) Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: August 4, 2014

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE